**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| TRANSCLEAN CORPORATION, a Minnesota corporation, JAMES P. VIKEN, an individual, JON A. LANG, an individual, and DONALD E. JOHNSON and individual<br><br>Plaintiffs,<br>v.<br><br>WYNN OIL COMPANY, a California corporation, and PETRAM MARKETING, INC., a Minnesota corporation<br><br>Defendants. | Civil No. 00-CV-2135 MJD/SRN<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**STIPULATION AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned counsel for Transclean Corporation, James P. Viken, Jon A. Lang, and Donald E. Johnson, (collectively "Plaintiffs") and Wynn Oil Company and Petram Marketing, Inc., (collectively "Defendants"), subject to the approval of the Court, that:

1. As used herein, "Confidential Information" refers to information that Plaintiffs or Defendants claims to be their trade secrets or other confidential research, development, commercial, or proprietary information within the meaning of Fed. R. Civ. P. 26(c). Information to be treated under this Protective Order as Confidential Information shall include:

FILED APR 16 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____



DOCSOC\801744v3\16968.0003

(a) information set forth in response to discovery requests made under Fed. R. Civ. P. 31, 33 or 36, provided that, prior to disclosure to the discovering party, the responses are marked by the producing party with either of the following terms:

**"CONFIDENTIAL"** or **"CONFIDENTIAL/ATTORNEY EYES ONLY".**

(b) information set forth in any documents or copies of documents produced to the discovering party under Fed. R. Civ. P. 26, 33(d) or 34, provided that, prior to delivery of the copies to the discovering party the copies are marked by the producing party with either of the following terms:

**"CONFIDENTIAL"** or **"CONFIDENTIAL/ATTORNEY EYES ONLY".**

(c) information revealed by inspection of things or premises under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information will be disclosed by the inspection and specifies in writing those parts of the things or those areas of the premises in which its Confidential Information will be revealed;

(d) information revealed during depositions upon oral examination under Fed. R. Civ. P. 30, and designated by counsel at the deposition or within thirty (30) days of receipt of a transcript of the deposition as Confidential Information; and

(e) information set forth in documents provided by a party prior to entry of this Protective Order, provided that the producing party identifies such documents to the receiving party within 30 days of entry of this Protective Order.

(f) Nothing shall be regarded as Confidential Information that: (a) is in the public domain at the time of disclosure, (b) becomes part of the public domain, through no act, fault or failure of the receiving party, (c) is lawfully in the receiving party's possession at the time

of disclosure, (d) is received at a later date by the receiving party from a third party who has the right to make such a disclosure, or (e) is independently developed by the receiving party.

2. Confidential Information shall be disclosed only to:

(a) Plaintiffs' and Defendants' respective outside trial counsel in this matter and necessary secretarial, clerical and legal assistant personnel of those attorneys;

(b) outside experts or outside consultants retained by Plaintiffs or Defendants for purposes of this litigation and their staff;

(c) for Plaintiffs and for Defendants; other business representatives can be added as necessary by agreement; and

(d) Confidential Information marked "Attorney Eyes Only" will be disclosed and disseminated only to (1) the persons designated in paragraph (a) above; and (2) outside experts under the provisions of paragraph (b).

3. Confidential Information shall be used only by persons permitted access to it pursuant to the foregoing paragraph shall be used only for the purpose of this action, and shall not be disclosed to persons other than those specified in the foregoing paragraph. All documents and copies of documents containing Confidential Information of a party shall be kept at the offices of the opposing parties' outside trial counsel.

4. If a document containing Confidential Information is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

> **"Contains CONFIDENTIAL INFORMATION; To Be Opened Only By Or As Directed By The Court".**

5. If a party objects to the designation of any information, **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEY EYES ONLY**, it shall state the objection by letter to counsel for the party making the designation. If the parties are unable to resolve the objection, any party may move the Court to do so. In the event of any motion to alter the designation of information, the burden of proof shall be on the designating party to establish that the designated information is confidential within the meaning of this Protective Order. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be treated as designated and is subject to this Order.

6. This Stipulation and Protective Order is without prejudice to the right of either Plaintiffs or Defendants to move this Court for an Order to further restrict disclosure or use of any Confidential Information upon a showing of good cause for such further restriction.

7. This Stipulation and Protective Order shall survive the termination of this litigation.

8. Upon termination of this litigation, all copies of produced documents containing Confidential Information shall be returned to the producing party or destroyed, with the exceptions of Court exhibits and documents included in submissions to the Court which may be retained by outside counsel.

9. Nothing in this Stipulation and Protective Order shall preclude either Plaintiffs or Defendants from disclosing or using, in any manner or for any purpose, any information not obtained by discovery in this action, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information may have been produced in discovery in this litigation and designated as Confidential Information.

10. Nothing in this Stipulation or Protective Order shall limit either party or any other person in the use of its, his or her own documents, things, and/or information for any purpose or from disclosing its, his, or her own confidential information to any other person.

11. Nothing in this Stipulation and Protective Order shall require production of information which Plaintiffs or Defendants contend is protected from disclosure by the attorney-client privilege or work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party has inadvertently produced to the other party information subject to claim of immunity or privilege, the other party upon request shall promptly return the information for which a claim of inadvertent production was made. The party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

12. This Stipulation and Protective Order shall not prevent a party from attempting to examine at depositions or at trial, persons who are not authorized to receive **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEY EYES ONLY** information, as identified herein, as long as such examination concerns **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEY EYES ONLY** which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by foundation testimony during the deposition or trial. This Stipulation and Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEY EYES ONLY**, as long as such examination shall be in a manner which does not disclose the details of the **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEY EYES ONLY** information.

13. The terms and conditions of this Stipulation and Protective Order are equally applicable and binding upon any third party from whom discovery is sought during the pendency of this legal action. Any third party who desires to designate any information or documents **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEY EYES ONLY** may do so and such designation shall have the full force and effect as if the third party was a party to this proceeding

shall be binding on the parties and their representatives, attorneys and experts to the full extent provided herein.

14. If a third party produces documents or information that the third party believes is Confidential Information, such third party may mark such documents or identify such information in accordance with Paragraph No. 1 above, and such documents or information shall be treated by Plaintiffs and Defendants in accordance with the provisions of this Protective Order as if such documents or information were produced by Plaintiffs or Defendants.

15. The inadvertent or unintentional disclosure of **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEY EYES ONLY** information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality either as to the specific information disclosed therein or with respect to the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

**AGREED TO:**

Dated: ____________________________

TRANSCLEAN CORPORATION, JAMES P. VIKEN, JON A. LANG, and DONALD E. JOHNSON

By their attorneys

By:___________________________________

Alan M. Anderson (MN Bar No. 149500)
Christopher K. Larus (MN Bar No. 226828)
Cynthia M. Klaus (MN Bar No. 27883X)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
Telephone: (952) 835-3800

Dated: ______________________

WYNN OIL COMPANY and PETRAM MARKETING, INC.

By their attorneys

By:______________________________
Jan P. Weir, Reg. No. 43,253
Edward F. O'Connor, Reg. No. 123,398
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
(949) 725-4000

**SO ORDERED**, this 16th day of April, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Magistrate Judge



DOCSOC\801744v3\16968.0003

APR 16 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**ORIGINAL**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

TRANSCLEAN CORPORATION, a Minnesota corporation, JAMES P. VIKEN, an individual, JON A. LANG, an individual, and DONALD E. JOHNSON and individual

Plaintiffs,

v.

WYNN OIL COMPANY, a California corporation, and PETRAM MARKETING, INC., a Minnesota corporation

Defendants.

Civil No. 00-CV-2135 MJD/SRN

**JOINT STIPULATION**

**IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned counsel for Plaintiffs Transclean Corporation, James P. Viken, Jon A. Lang, and Donald E. Johnson, and Defendants Wynn Oil Company and Petram Marketing, Inc., (collectively "the Parties"), subject to the approval of the Court, that:

1. WHEREAS the Parties wish to enter into a protective order so that confidential technical, developmental, commercial, and proprietary information and trade secrets are protected pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure.

2. WHEREAS the Parties have agreed upon the language of a Protective Order in this action with the exception of paragraph 5. Plaintiffs' version of the Protective Order is attached hereto as Exhibit A. Defendants' version of the Protective Order is attached hereto as Exhibit B.

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

3. WHEREAS the Defendants wish to have paragraph 5 read as follows:

> If a party objects to the designation of any information, CONFIDENTIAL or CONFIDENTIAL/ATTORNEY EYES ONLY, it shall state the objection by letter to counsel for the party making the designation. If the parties are unable to resolve the objection, any party may move the Court to do so. In the event of any motion to alter the designation of information, the burden of production shall be on the moving party. It shall be the designating party's burden under such circumstance to establish that the designated information is confidential within the meaning of this Protective Order. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be treated as designated and is subject to this Order.

4. WHEREAS the Plaintiffs wish to have paragraph 5 read as follows:

> If a party objects to the designation of any information, CONFIDENTIAL or CONFIDENTIAL/ATTORNEY EYES ONLY, it shall state the objection by letter to counsel for the party making the designation. If the parties are unable to resolve the objection, any party may move the Court to do so. In the event of any motion to alter the designation of information, the burden of proof shall be on the designating party to establish that the designated information is confidential within the meaning of this Protective Order. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be treated as designated and is subject to this Order.

5. WHEREAS because the Parties are unable to reach an agreement as to paragraph 5 of the proposed Protective Order, the Parties request that this Court determine which Parties' language will govern paragraph 5.

6. IT IS HEREBY STIPULATED and agreed to by and between Plaintiffs and Defendants, through their respective counsel of record, that the Parties agree to the Protective Order that this Court chooses to enter from the attached exhibits based on Plaintiffs' and Defendants' letter briefs, not to exceed two pages, attached hereto.

**IT IS SO STIPULATED.**

Dated: April 9, 2001

By_______________________

Edward F. O'Connor, Reg. No. 123,398
Jan P. Weir, Reg. No. 43,253
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
(949) 725-4000

Attorneys for Defendants, WYNN OIL COMPANY and PETRAM MARKETING, INC.

Date: April 12, 2001

By_______________________

Alan M. Anderson (149500)
Christopher K. Larus (226828)
Cynthia M. Klaus (27883X)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
(952) 835-3800

Attorneys for Plaintiff, TRANSCLEAN CORPORATION, JAMES VIKEN, JON LANG and DONALD JOHNSON