UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Transclean Corporation,
James P. Viken, Jon A. Lang,
and Donald E Johnson,

Civil No.00-2135 (MJD/SRN)

Plaintiffs,

v.

**ORDER**

Wynn Oil Company, and
Petram Marketing Inc.,

Defendants.

---

Alan M. Anderson, Esq. and Christopher K. Larus, Esq. on behalf of Plaintiffs

Jan P. Weir, Esq. on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter came before the undersigned United States Magistrate Judge on August 24, 2001, by way of an informal telephone conference call to address outstanding discovery issues. Plaintiffs ("Transclean") seek to compel Defendant Wynn Oil Company ("Wynn") to produce documents relating to products Wynn markets and sells in conjunction with its allegedly infringing automatic transmission fluid ("ATF") devices. Defendant Wynn moves for a protective order directing that it need not designate a Rule 30(6)(b) representative to testify regarding certain identified topics and that subpoenas seeking to take Wynn's customer's depositions be quashed. Alternatively, Wynn moves for a stay of all damages discovery regarding convoyed sales until after its summary judgment motion is considered.

FILED SEP 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## I. Background

Transclean alleges that Wynn used its sales of allegedly infringing ATF changing devices to boost sales of other non-infringing products. Transclean cites to three outstanding discovery requests and moves to compel full production therewith. Transclean also refers the Court to categories 8, 9, and 10 of its 30(b)(6) deposition notice which seeks testimony regarding the same categories addressed in the outstanding discovery requests.

Specifically, on July 12, 2001, Transclean served its Second Set of Requests for Production of Documents on Wynn. Transclean's Request No. 4 seeks the production of:

> All documents which refer to, relate to, or constitute the marketing, advertising or promotion of any products sold in association with, or designed to be used in conjunction with, any Wynn's ATF device; including without limitation automatic transmission fluid, Transmission Flush Kits, Wynn's Automatic Transmission Flush; Wynn's Transmission Treatment, New Adaptor Kits or Quick Disconnect Adaptors.

Transclean's Request No. 5 seeks the production of:

> All documents which reflect your costs incurred or revenues received, including without limitation revenues received through lease or financing, in connection with the purchase, manufacture, sale, or use of products or equipment marketed or sold to actual or potential purchasers of any Wynn's ATF Device; including without limitation Wynn's Power Flush Cooling System Flush and Fill Machine, Du-All High Capacity Power Drain and Fill/Bulk Recycler Machine, Supreme Engine Cooling System, and Power Steering Flush Machine.

Transclean's Request No. 6 seeks the production of:

> All documents which refer to, relate to or constitute the marketing, advertising, or promotion of products or equipment marketed or sold to actual or potential purchasers of any Wynn's ATF Device; including without limitation Wynn's Power Flush Cooling System Flush and Fill Machine, Du-All High Capacity Power Drain And Fill/Bulk Recycler

Machine, Supreme Engine Cooling System, and Power Steering Flush Machine.

On July 12, 2001, Transclean first served Wynn with a Rule 30(b)(6) deposition notice and the list of categories for which it demanded that Wynn designate a witness. Several amended notices were served thereafter, but there were no differences in categories 8 through 10 of the notices which provided as follows:

> Category Number 8. Wynn's revenues, costs, and profits associated with the manufacture, purchase or sale of any products sold in association with, or designed to be used in conjunction with, any Wynn's ATF Device; including without limitation Transmission Flush Kits, Wynn's Automatic Transmission Flush, Wynn's Transmission Treatment, New Adapter Kits, Quick Disconnect Adapters.
>
> Category Number 9. For each of the last seven years, Wynn's revenues, costs, and profits associated with the manufacture, purchase, or sale of automatic transmission fluid.
>
> Category Number 10. For each of the last seven years, Wynn's revenues, costs, and profits associated with the manufacture, purchase or sale of any products or equipment marketed or sold to actual or potential purchasers of any Wynn's ATF Device; including without limitation Wynn's Power Flush Cooling System Flush and Fill Machine; Du-All High Capacity Power Drain and Fill/Bulk Recycler Machine, Supreme Engine Cooling System, and Power Steering Flush Machine.

Wynn objected to both the discovery requests and these proposed categories of the 30(b)(6) deposition on the grounds that the documents and testimony sought were not reasonably calculated to lead to the discovery of admissible evidence.

## II. Discussion

Transclean argues that it need not demonstrate a functional relationship between the unpatented products at issue and the allegedly infringing patented goods in order to prevail on its motion to compel this discovery. In support of that argument, Transclean contends that courts have consistently considered convoyed sales of non-

functionally related products when determining a reasonable royalty rate as opposed to a royalty base. Although Transclean recognizes that the Federal Circuit in *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538 (Fed. Cir. 1995) held that it was inappropriate to include in the royalty base the sales of products that "are neither competitive with nor function with the patented invention," it argues that such sales may be considered in calculation of a royalty rate.

Moreover, Transclean argues that, at a minimum, Wynn's ATF chemical additives do bear a functional relationship with Wynn's allegedly infringing ATF Devices. Transclean cites the Court to promotional literature which advises the user to use such chemical additives to avoid harm to the allegedly infringing product.

Defendant Wynn contends that the only potential relevance of documents relating to unpatented products would be as they contribute to a damage analysis of such sales under the doctrine of "Entire Market Analysis." As the United States Supreme Court stated in *Westinghouse Electric & Mfg. Co. v. Wagner Electric & Mfg. Co.*, 225 U.S. 604, 615 (1912), when a patentee seeks damages for lost sales of unpatented goods along with a patented device ('convoyed" sales), the patentee must satisfy the entire market value rule, that is, the patentee must prove that the patent-related feature is the basis for customer demand for the unpatented parts to which it seeks to extend its damages. It is clear from Federal Circuit law that non-patented products can be included in the royalty base only in limited circumstances.

In its *en banc* decision in *Rite-Hite, Corp, supra,* the Federal Circuit held that for unpatented products to be included within a damages calculations, the unpatented

products must bear a functional relationship with the patented goods. The Federal Circuit expressly held:

> Thus, the facts of past cases clearly imply a limitation on damages, when recovery is sought on sales of unpatented components sold with patented components, to the effect that the unpatented components must function together with the patented component in some manner as to produce a desired end product or result. All the components together must be analogous to components of a single assembly or be parts of a complete machine or they must constitute a functional unit. Our precedent has not extended liability to include items that have essentially no functional relationship to the patented invention and that may have been sold with an infringing device only as a matter of convenience or business advantage. We are not persuaded that we should extend that liability. Damages on such items would constitute more than what is "adequate to compensate for the infringement".

Id. at 1550 (emphasis added).

Wynn argues, therefore, that the discovery requests at issue which seek all manner of documents relating to "any products sold in association with or designed to be used in conjunction with any Wynn's ATF device" is so overly broad as to encompass products that are not even associated with ATF devices, and for periods not covered by the lawsuit. Wynn points out that no effort was made in drafting these requests to consider what non-patented products might ultimately be considered by the Court in an appropriate damages analysis. Similarly, the categories of testimony proposed for the Rule 30(b)(6) deposition are equally over broad and fail to define in any way those products which might ultimately be relevant to a damages analysis in this case.

Wynn contends that no argument can be made that its Engine Coolant Recycling Machines and Power Steering Fluid Exchanging Machines are in any way functionally related to the invention claimed in the patents-in-suit. Nor does Transclean

offer any such argument. Transclean merely argues that Wynn promotes two of its products as a product line to be used together called the Dynamic Duo-Wynn's Power Flush Cooling System Flush and Fill Machine and Wynn's Transerve II Machine. Wynn contends that even if some of Wynn's customers are interested in buying products when they can buy an entire line of products, this constitutes "mere convenience and business advantage" and not a functional relationship to the claimed invention.

Wynn argues that its Automatic Transmission Flush and Automatic Transmission Fluid Treatment are not even used with the claimed device. Rather, both are added directly to the engine. In addition, these products are designed to work with any ATF machine manufactured by anyone. Though Wynn may offer these fluids to customers for convenience and business advantage, Wynn argues that that does not make them functionally related.

Finally, Wynn argues that its Automatic Transmission Fluid is a staple article of commerce that is sold independently of Wynn's ATF machines by many other manufacturers and thus not relevant to this lawsuit.

Wynn objects not only to the requests propounded regarding these documents and the 30(b)(6) testimony being elicited from its employees, but also to what it perceives to be onerous requests served on Wynn's customers, seeking commercially sensitive and proprietary business information over six years time. Accordingly, Wynn moves for a protective order to quash these subpoenas.

Even recognizing that plaintiff seeks only at this stage of the litigation to compel the production of these documents for purposes of discovery, recognizing a much greater burden before trial to establish their admissibility in connection with the

damages analysis being offered in this case, the documents and testimony sought nevertheless must be calculated to lead to the discovery of admissible evidence. The Court finds that the discovery requests at issue and the categories of testimony sought in the Rule 30(b)(6) deposition notice are indeed overly broad, making no effort to acknowledge the law on convoyed products. Nevertheless, in light of the status of discovery in this case, the Court will permit some limited discovery into documents related to these unpatented products. Specifically, the Court will permit that discovery as it applies to Wynn's ATF Chemical Additives which apparently bear a functional relationship with Wynn's allegedly infringing ATF Devices from promotional literature and other documents and testimony in the case. The Court finds, however, that there is no justification for the production of documents or testimony related to Wynn's Engine Coolant Recycling Machines or its Power Steering Fluid Exchanging Machines. Furthermore, automatic transmission fluid is clearly a staple article of commerce and accordingly documents relating to that fluid need not be discovered.

Wynn also seeks to quash the subpoena served on its customers for documents in deposition testimony. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the document sought." *Wright & Miller*, Federal Practice and Procedure: Civil 2d section 2459 (1995). "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2nd Circuit 1974); See also *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979) (citing *Wright & Miller* as authority for conclusion the parties lack standing to quash

subpoena served on non-party "since they are not in possession of the material subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed."

Although third parties served with the subpoenas may seek to quash the subpoenas if they can demonstrate a reason to do so, the Court will not entertain a motion at this time from defendant Wynn to quash those subpoenas.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Compel Production of Documents and Testimony is granted in part and denied in part as set forth in this Order.

2. Defendants' Motion for a Protective Order is granted in part and denied in part as set forth in this Order.

Dated: September 13, 2001.

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

SEP 13 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500