UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Transclean Corporation,
James P. Viken, Jon A. Lang,
and Donald E Johnson,

Plaintiffs,

v.

Wynn Oil Company, and
Petram Marketing Inc.,

Defendants.

Civil No.00-2135 (MJD/SRN)

**ORDER**

---

Christopher K. Larus, Esq. on behalf of Plaintiffs.

Jan P. Weir, Esq. on behalf of Non-Party RT Autosmart, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge by way of an informal motion requesting the Court, on an expedited basis, to consider Third-Party RT Autosmart's Motion to Quash Plaintiff's Deposition Subpoena For Production Of Business Records. Plaintiffs ("Transclean") served RT Autosmart (RTA) with a subpoena for extensive business records to be produced in Minneapolis, Minnesota on November 1, 2001. Plaintiffs also served RTA with a Rule 30(b)(6) deposition notice for one or more company officials to appear November 8, 2001, and testify concerning records and a variety of business matters. The parties agreed to an expedited briefing schedule by way of informal letter briefs. Third-party RT Autosmart submitted its letter brief on November 1, 2001, and Plaintiffs submitted their brief on

NOV 07 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

November 6, 2001. Defendants did not submit a letter brief. By way of this motion, RTA seeks to quash in its entirety plaintiff's deposition subpoena, or in the alternative, seeks an order modifying plaintiff's subpoena to allow RTA to produce an affidavit detailing its purchase and sales records of Wynn's ATF Devices and additives instead of attending a Rule 30(b)(6) deposition.[1]

**I. The Parties' Positions.**

Third-party RT Autosmart, doing business as Precision Auto Tune, represents to this Court that it is a small repair service station which does very little business with Petram, a small distributer of Wynn Oil Company, and does no business at all with defendant Wynn Oil Company. RTA argues that the deposition notice and subpoena should be quashed in its entirety for the following reasons:

1. The subpoena will cause RTA great disruption and expense;

2. Plaintiffs deposed Petram regarding its customer accounts and RTA alleges that Petram has already produced RTA's account information to plaintiffs;

3. The scope of the discovery sought under plaintiff's Rule 30(b)(6) deposition notice and document subpoena exceed the scope of appropriate discovery ordered by this Court in its September 13, 2001, Order;

---

1 Plaintiffs served a substantially similar subpoena on Third-Party Goodyear Tire and Rubber Company on or about August 23, 2001. Third-Party Goodyear Tire and Rubber Company sought to quash the subpoena. United States District Judge Dan Aaron Polster issued an Order directing defendant Goodyear Tire and Rubber Company to produce, within 30 days, an affidavit detailing its purchase and sales records of Wynn Oil Company's ATF Devices and any other products purchased from Wynn to use in its ATF services and the average selling price of those services to Goodyear's customers. Judge Polster's Order provided that if Wynn stipulated to the admissibility of the affidavit, no Rule 30(b)(6) deposition would be taken. Otherwise, the deposition would be allowed. There was a stipulation and no Rule 30(b)(6) deposition was taken.

4 The law will not permit double recovery from an alleged contributory infringer in the event that Transclean seeks damages from RTA; and

5. A Protective Order is needed to protect RTA's commercially sensitive and proprietary business information.

Plaintiffs respond by arguing as follows:

1. The information sought by Transclean is relevant to the calculation of damages in this case;

2. Defendants are directly liable for all damages caused by RTA's infringement;

3. Defendants have not produced information relating to RTA's revenues and profits derived through the use of the defendants' infringing devices because Petram testified that it no longer maintains records demonstrating its sales of chemical products to specific customers such as RTA;

4. The Court's existing Protective Order adequately safeguards the confidentiality of the information Plaintiffs seek;

5. Plaintiffs will provide reasonable compensation for the expense associated with compiling and copying responsive documents; and finally,

6. Production of documents and an affidavit setting forth the necessary account information as was ordered by Judge Polster is inadequate because Plaintiffs need to explore by deposition testimony the content of the documents produced and the conclusions which can be drawn from such documents.

## II. Discussion.

Rule 45(c)(1) of the Federal Rules of Civil Procedure provides:

> (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a party subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

In addition, Rule 45(c)(3)(A) provides that:

> "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . .
> (iv) subjects a person to undue burden.

This Court has previously addressed a motion to compel defendant Wynn Oil Company to produce documents relating to products Wynn markets and sells in conjunction with its allegedly infringing ATF devices. The Court concluded, based on Federal Circuit precedent, that in order for unpatented products to be included within a damages calculation, the unpatented products must bear a functional relationship with the patented goods. Accordingly, the Court concluded that discovery requests which sought documents relating to any products sold in association with or designed to be used in conjunction with any Wynn's ATF Device was overly broad and encompassed products not even associated with ATF Devices.

Despite this ruling, Plaintiffs seek, from RTA, 30(b)(6) examination on topics which exceed the scope of this Court's September 13, 2001, Order. Specifically, Topics II.3 and II.4 seek:

> 3. The amounts expended in each of the last six years for any products purchased from or sold to Wynn or any of its distributors.
>
> 4. The revenues, gross profits and net profits earned through sale of Wynn's ATF Devices or through the sale of automatic transmission fluid or

additives utilized in association with the use of Wynn's ATF Devices. Similarly, Plaintiffs' subpoena for the production of documents seeks documents for any products, including automatic transmission fluid and/ or chemical additives, whether or not those products are functionally related to Wynn's ATF devices. Consistent with this Court's September 13, 2001 Order, it is this Court's ruling that these requests are overly broad in that they seek information which is not likely to lead to the discovery of admissible evidence.

This Court sees no reason to rule differently than Judge Polster, particularly given the fact that Goodyear is a significantly larger company with many more documents which might be responsive to this subpoena. Accordingly, within 30 days, RTA is directed to produce an affidavit detailing its purchase and sales records of Wynn Oil's ATF Devices and any other products purchased, leased or otherwise acquired from Wynn, Petram, or any other distributor, which are functionally related to those ATF Devices for the last six years. The affidavit should detail gross and net profits to RTA from these products and should include any analysis done of the profitability of these products. Finally, the affidavit should include,as an attachment, any documents which RTA uses to advertise, promote or sell Wynn Oil ATF Devices or functionally related products. If Wynn Oil Company stipulates to the admissibility of this affidavit and its attachments, within 10 days after receipt of the affidavit, no Rule 30(b)(6) deposition need be taken. If there is no stipulation, the deposition will be allowed to proceed with the caveat that the scope of relevant products to be addressed includes Wynn's ATF Devices and functionally related products.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. That Third-Party RT Autosmart's Motion to Quash Plaintiffs' Deposition Subpoena for Production of Business Records is **GRANTED** as set forth in this Order.

Dated: November 7, 2001.

Susan Richard Nelson
United States Magistrate Judge