UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Transclean Corporation,
James P. Viken, Jon A. Lang,
and Donald E. Johnson,

Plaintiffs,

v.

ORDER
Civ. No. 00-2135(MJD/SRN)

Wynn Oil Company, a California
corporation, and Petram Marketing, Inc.,

Defendants.

---

This matter is before the Court upon Plaintiffs' appeal of Magistrate Judge Susan Richard Nelson's Order of September 13, 2001. Plaintiffs seek reversal of Magistrate Judge Nelson's Order denying its request for discovery relating to Defendants' marketing and sales of products promoted in conjunction with Wynn's allegedly infringing automatic transmission fluid ("ATF") changing devices.

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). Magistrate Nelson concluded that Plaintiffs were entitled to discovery of non-patented products that bear a functional relationship with Wynn's allegedly infringing ATF changing devices, but found no justification for the production of documents or testimony relating to Wynn's Engine Coolant Recycling Machines or its Power Steering Fluid Exchanging Machines. Magistrate Nelson further denied Plaintiffs' request for discovery relating to Wynn's automatic transmission fluid,

NOV 2 7 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

on the basis that it is a staple article of commerce.

Plaintiffs correctly assert that in determining a royalty rate, the Court may consider a number of factors, including:

> The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) modified and aff'd, 446 F.2d 295 (2nd Cir.) cert. denied, 404 U.S. 870 (1971). Magistrate Nelson based her decision on the opinion of the Federal Circuit in Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1550 (Fed. Cir. 1995). The portion of the opinion quoted in her order, however, relates to the measure of damages referred to as the "entire value market rule." As noted by the Federal Circuit, the entire value market rule is distinct from the issue of "relevance of anticipated collateral sales to the determination of a reasonable royalty rate." Id. 56 F.3d at 1549, n. 9. The distinction between evidence relevant to the entire market value rule, and that relevant to the determination of a reasonable royalty rate was also addressed in Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 286 (W.D. Mich. 1995). In Haworth, the Magistrate Judge had denied the plaintiff's discovery request concerning collateral sales based on the district court's prior ruling that plaintiff had failed to establish it was entitled to lost profits on the entire market value rule. The district court reversed the Magistrate's order, and allowed such discovery, noting that collateral sales are relevant to the determination of a reasonable royalty rate, even though plaintiff is not entitled to damages under the entire market value rule. Id. at 288.

In this case, Plaintiffs assert that it seeks discovery relevant to Wynn's collateral sales for purposes of establishing a reasonable royalty rate. As this is an appropriate factor for the Court to consider, the Court will allow such discovery.

IT IS HEREBY ORDERED that Plaintiffs' Appeal of Magistrate Judge Nelson's Order dated September 13, 2001 [Docket No. 21] is GRANTED. That portion of Magistrate Judge Nelson's Order denying Plaintiffs' motion to compel documents and Fed.R.Civ.P. 30(b)(6) testimony relating to products sold by Wynn in conjunction with the allegedly infringing ATF changing devices is REVERSED.

Date: Nov. 27, 2001

Michael J. Davis
United States District Court

IT IS HEREBY ORDERED that the Orders of May 18, 2001 and June 20, 2001 are AFFIRMED.

Date: Nov. 27, 2001

Michael J. Davis
United States District Court

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---


700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500