UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TRANSCLEAN CORPORATION, ET AL., Civil No. 00-2135 MJD/SRN

Plaintiffs,

v. ORDER

WYNN OIL COMPANY, ET AL.,

Defendants.

---

WHEREAS, the parties settled this matter on the 28th day of April, 2003, and said agreement was put on the record, and

WHEREAS, the Court, following the settlement, directed the attorneys to endeavor to reduce their agreement to writing, and

WHEREAS, the Court was advised by counsel that a disagreement had arisen concerning the terms of the written agreement, and

WHEREAS, the Court has reviewed the parties' submissions concerning the question of the form of the written settlement agreement that should be issued following the final settlement being placed on the record and has reviewed the transcript of the settlement proceedings itself,

NOW THEREFORE, the Court hereby Orders that the attached Exhibit 1 is a full and complete written statement of the parties' final settlement agreement which was placed on the record before the undersigned on the 28th day of April, 2003. The parties are hereby Ordered to execute the same and to file the stipulation of dismissal with prejudice that is attached to the Exhibit forthwith.

Filed MAY 30 2003
Richard Sletten, Clerk
Judgment Entered __________
Deputy Clerk's Initials __________

Even in the absence of signatures however the settlement is final, binding, and fully enforceable. Either party may apply to the District Court to have Judgment entered in accordance with the provisions of the attached settlement agreement.

Dated: 5/30/03

ARTHUR J. BOYLAN
United States Magistrate Judge

**EXHIBIT 1**

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Settlement Agreement") is entered into as of April 28, 2003 (the "Effective Date"), by and between Transclean Corporation ("Transclean"), James P. Viken ("Viken"), Jon A. Lang ("Lang"), and Donald E. Johnson ("Lang"), on the one hand; and Wynn Oil Company ("Wynn"), Wynn's corporate parent Parker Hannifin Corporation ("PHC"), and Petram Marketing, Inc. ("Petram"), on the other hand.

WHEREAS, Transclean, Viken, Lang, and Johnson have commenced an action against Wynn and Petram in the United States District Court for the District of Minnesota, Civil No. 00-CV-2135 MJD/SRN (the "Action") alleging infringement of United States Patent No. RE 36,650 and apart from said Action, have also alleged infringement of U.S. Patent No. 6,330,934;

WHEREAS, Wynn and Petram deny any such allegations of infringement and have contended that such patent is invalid;

WHEREAS, the parties to the Action desire to settle and compromise the Action, and release all claims and counterclaims that they have or may have against each other;

NOW, THEREFORE, in consideration of the foregoing and the consideration set forth more particularly below, the receipt and sufficiency of which is acknowledged, Transclean, Viken, Lang, Johnson, Wynn, PHC, and Petram hereby agree as follows:

1) REPRESENTATIONS AND WARRANTEES

Transclean, Viken, Lang, and Johnson represent and warrant as follows:

a) Transclean is a duly organized and validly existing corporation under the laws of the State of Minnesota and has full power and authority to enter into this Agreement and to perform its obligations hereunder. The execution, delivery, and performance of this Agreement does not conflict with any other agreement, oral or written, to which Transclean is a party;

b) Viken has full power and authority to enter into this Agreement and to perform his obligations hereunder. The execution, delivery, and performance of this Agreement does not conflict with any other agreement, oral or written, to which Viken is a party;

c) Lang has full power and authority to enter into this Agreement and to perform his obligations hereunder. The execution, delivery, and performance of this Agreement does not conflict with any other agreement, oral or written, to which Lang is a party;

d) Johnson has full power and authority to enter into this Agreement and to perform his obligations hereunder. The execution, delivery, and performance of this Agreement does not conflict with any other agreement, oral or written, to which Johnson is a party;

2) Wynn, PHC and Petram represent and warrant as follows:

a) Wynn is a duly organized and validly existing corporation under the laws of the State of California and has full power and authority to enter into this Agreement and to perform its obligations hereunder. The execution, delivery, and performance of this Agreement does not conflict with any other agreement, oral or written, to which Wynn is a party;

b) PHC is a duly organized and validly existing corporation under the laws of the State of Ohio and has full power and authority to enter into this Agreement and to perform its obligations hereunder. The execution, delivery, and performance of this Agreement does not conflict with any other agreement, oral or written, to which PHC is a party

c) Petram is a duly organized and validly existing corporation under the laws of the State of Minnesota and has full power and authority to enter into this Agreement and to perform its obligations hereunder. The execution, delivery, and performance of this Agreement does not conflict with any other agreement, oral or written, to which Petram is a party;

3) Subject to the forgoing conditions precedent, Wynn shall pay Transclean the sum of One Million Two Hundred Thousand Dollars ($1,200,000.00) (the "Settlement Amount"). Wynn shall pay the Settlement Amount as follows by check made payable to Transclean Corporation and Fulbright & Jaworski L.L.P. in the following installments: Wynn shall deliver to Fulbright & Jaworski L.L.P. the sum of Four Hundred Thousand Dollars ($400,000.00) on or

before June 9, 2003; Wynn shall deliver to Fulbright & Jaworski L.L.P. the sum of One Hundred Thousand Dollars ($100,000.00) on or before April 28, 2004, and on or before April 28 of each of the next successive seven following years through and including April 28, 2011. Provided, however, that Wynn shall have no obligation to make any such One Hundred Thousand Dollar ($100,000.00) payment if, within the twelve months preceding the date upon which any such payment falls due, Wynn has not sold either (a) any ATF changing device, including without limitation devices sold under the trade names TranServe II, TranServe II+, and TranServe HP, or (b) any chemical product designed to be used in conjunction with services performed utilizing any ATF changing device, including without limitation products sold under the trade names ATF Flush, ATF Treatment or Shudderguard (collectively a "Triggering Device Or Chemical Sale").

a) In the event that Wynn or PHC sell substantially all of the stock of Wynn or substantially all of Wynn's assets related to the production of ATF changing devices during the eight years following the Effective Date of this agreement, either (a) Wynn or PHC shall immediately pay to Transclean all remaining additional installment payments due under this agreement without regard to whether a Triggering Device or Chemical Sale has taken place; or (b) PHC shall pay all remaining additional installment payments due under this agreement without regard to whether a Triggering Device or Chemical Sale has taken place.

b) In the event that Wynn fails to make any installment payment due under this Agreement within 15 days of the date upon which such payment is due, Wynn shall pay to Transclean the amount of the missed payment and all remaining additional installment payments due under this agreement, without regard to whether a Triggering Device or Chemical Sale has taken place, by the 30th day following the day upon which the unpaid installment payment became due. In the event that Wynn fails to make all such installment payments by the 30th day following the day upon which the unpaid installment payments became due, all licenses and covenants not to sue granted under this Agreement may be terminated and become null and void at the sole option of Transclean.

4) Transclean hereby grants to Wynn a fully paid, worldwide, non-exclusive, non-transferable license to make, use, sell, and offer to sell the inventions disclosed in the '650 Patent. The term of this license shall extend for the term of the '650 Patent. This grant of a non-exclusive license does not include any right on the part of Wynn to grant sublicenses.

5) Transclean Corporation, James P. Viken, Jon A. Lang and Donald E. Johnson, on their own behalf and on behalf of their affiliated, subsidiary, or parent companies, predecessors, successors, joint venturers, officers, directors, shareholders, members, employees, agents, servants, beneficiaries, assigns, representatives and attorneys, hereby release and forever discharge Wynn and Petram, and their affiliated, subsidiary, or parent companies, predecessors, successors, joint venturers, officers, directors, shareholders, members, employees, agents, servants, beneficiaries, assigns, representatives and attorneys, from any and all claims and causes of action of any kind arising through the Effective Date of this Agreement.

6) Transclean Corporation, James P. Viken, Jon A. Lang and Donald E. Johnson hereby covenant and agree not to initiate any suit against Wynn which alleges that Wynn's TranServe II, TranServe II+, and TranServe HP devices, as configured as of the Effective Date of the Agreement, infringe either any patent, domestic or foreign, issued to Transclean Corporation, James P. Viken, Jon A. Lang or Donald E. Johnson as of the Effective Date of this agreement; or which issues from any patent application, whether domestic or foreign, owned by Transclean Corporation, James P. Viken, Jon A. Lang or Donald E. Johnson which is pending as of the Effective Date of this Agreement.

7) Transclean Corporation, James P. Viken, Jon A. Lang and Donald E. Johnson hereby covenant and agree not to initiate any suit against Wynn which alleges infringement of United States Patent No. 6,330,934, or any patent claim which has issued or may in the future issue from any patent application, whether domestic or foreign, which is a continuation, continuation in part, or divisional patent application of the '650 Patent, and which patent claim has a priority date deriving from the filing date of the '650 Patent.

8) Wynn and Petram, on their own behalf and on behalf of their affiliated, subsidiary, or parent companies, predecessors, successors, joint venturers, officers, directors, shareholders, members, employees, agents, servants, beneficiaries, assigns, representatives and attorney, hereby release and forever discharges Transclean Corporation, James P. Viken, Jon A. Lang and Donald E. Johnson, and their affiliated, subsidiary, or parent companies, predecessors, successors, joint venturers, officers, directors, shareholders, members, employees, agents, servants, beneficiaries, assigns, representatives and attorneys, from any and all claims and causes of action of any kind arising through the Effective Date of this Agreement.

9) Concurrently with the execution of this Agreement, the parties shall execute a Stipulation of Voluntary Dismissal With Prejudice of the Action in the form attached as Exhibit A.

10) No waiver of any right under this Agreement shall be effective unless in writing and signed by the waiving party.

11) The terms of this Agreement shall be confidential and its terms shall not be disclosed except as required by applicable law and except that the terms may be disclosed (a) to tax, financial, legal, or other advisors; or (b) to a government taxing authority or securities self-regulatory organization in response to a question or questions posed by such authority. This confidentiality provision shall not prohibit the parties from stating words to the effect that the dispute has been satisfactorily resolved, in response to any inquiry, or disclosing and using relevant information in any proceeding among the parties including one in which one of the parties hereto alleges a breach or a violation of this Agreement by any other party and/or seeks enforcement of this Agreement against any other party.

12) This Settlement Agreement may not be modified, amended, waived, or revoked orally, but only in writing signed by all parties.

13) This Settlement Agreement is the result of arms-length negotiations among the parties. All parties have participated in the negotiations. No ambiguity shall be construed against any party based upon a claim that the party in question drafted the ambiguous language.

14) Each of the undersigned parties acknowledges and represents that he or it has been represented by counsel in connection with its consideration and execution of this Settlement Agreement. Each undersigned party further represents and declares that in executing these documents he or it has relied solely upon his or its own judgment, belief and knowledge, and the advice and recommendations of his or its own independently selected counsel, concerning the nature, extent and duration of his or its rights and claims, and that he or it has not been influenced to any extent whatsoever in executing this document, or the exhibit hereto, by any representations or statements except those expressly contained or referred to herein.

15) This Settlement Agreement constitutes the entire agreement of the parties with respect to its subject matter, and all agreements and understandings among the parties with respect to its subject matter are embodied and expressed herein. It is understood and agreed that the terms and conditions described in this Agreement constitute the essential terms and conditions among the parties, all of which have been voluntarily agreed upon.

16) This Agreement may be executed by the parties in identical counterparts, each of which shall constitute an original for all purposes.

17) This Agreement shall be interpreted and enforced according to the laws of the State of Minnesota. Any action for breach, to enforce, or otherwise relating to this Agreement must be brought either in the United States District Court for the District of Minnesota or in Minnesota state court. If any of its provisions are held to be invalid or unenforceable by a court of competent jurisdiction, such holding shall not invalidate any other provision of the Agreement.

Dated: June ______, 2003

**TRANSCLEAN CORPORATION**

By: ______________________

Its: ______________________

Dated: June _____, 2003

**JAMES P. VIKEN**

By: ______________________________

Dated: June _____, 2003

**JON A. LANG**

By: ______________________________

Dated: June _____, 2003

**DONALD E. JOHNSON**

By: ______________________________

Dated: June _____, 2003

**WYNN OIL COMPANY**

By: ______________________________
Its: ____________________________

Dated: June _____, 2003

**PARKER HANNIFIN CORPORATION**

By: ______________________________
Its: ____________________________

Dated: June _____, 2003

**PETRAM MARKETING, INC.**

By: ______________________________
Its: ____________________________

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Transclean Corporation, James P. Viken, Jon A. Lang, And Donald E. Johnson,

Plaintiffs,

v.

Wynn Oil Company, A California Corporation, And Petram Marketing, Inc.,

Defendants.

CIVIL NO. 00-CV-2135 MJD/SRN

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs Transclean Corporation, James P. Viken, Jon A. Lang, and Donald E. Johnson, and Defendants Wynn Oil Company and Petram Marketing, Inc., through their respective counsel, that the above-captioned action shall be dismissed with prejudice and on the merits, and without cost to any of the parties, pursuant to Fed. R. Civ. P. 41.

Dated: June _____, 2003

**FULBRIGHT & JAWORSKI, LLP**

By: ______________________________

Alan M. Anderson (149500)
Christopher K. Larus(226828)
225 S. Sixth Street
Suite 4850
Minneapolis, MN 55402-4320
(612) 321-2800

Attorneys for Plaintiffs Transclean Corporation, James P. Viken, Jon A. Lang and Donald E. Johnson

Dated: June _____, 2003

**STRADLING YOCCA CARLSON & RAUTH**

By: ______________________________

Jan P. Weir, Esq.
6600 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
949-725-4000

Attorneys for Defendants Wynn Oil Company and Petram Marketing, Inc.

IT IS HEREBY SO ORDERED.

Dated: ________________

______________________________________
United States District Judge